IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Josefina Plotnick, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.   13 C 1998 |
| Southwest Credit Systems, L.P., a Texas limited partnership, | ) ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Josefina Plotnick, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

**PARTIES**

3. Plaintiff, Josefina Plotnick ("Plotnick"), is a citizen of the State of Florida, from whom Defendant attempted to collect a delinquent consumer debt that was allegedly owed for an AT&T cell phone account, despite the fact that she was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, Southwest Credit Systems, L.P. ("Southwest"), is a Texas limited partnership that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Defendant Southwest operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Southwest was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debts it attempted to collect from Plaintiff.

5. Defendant Southwest is authorized to conduct business in the State of Illinois, and maintains a registered agent within the State of Illinois. See, record from the Illinois Secretary of State, attached as Exhibit A. In fact, Defendant Southwest conducts business in Illinois.

6. Moreover, Defendant Southwest is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, Southwest acts as a debt collector in Illinois.

## FACTUAL ALLEGATIONS

7. Ms. Plotnick is a disabled senior citizen, with limited assets and income, who fell behind on paying her bills, including one she allegedly owed for an AT&T cell phone account. When Southwest began trying to collect the AT&T debt from Ms. Plotnick, by sending her a collection letter, dated May 23, 2012, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendant Southwest's collection actions. A copy of Southwest's May 23, 2012 letter is attached as Exhibit C.

8. Accordingly, on July 23, 2012, one of Ms. Plotnick's attorneys at LASPD informed Southwest, in writing, that Ms. Plotnick was represented by counsel, and directed Southwest to cease contacting her, and to cease all further collection activities because Ms. Plotnick was forced, by her financial circumstances, to refuse to pay her unsecured debts. Copies of this letter and fax confirmation are attached as Exhibit D.

9. Nonetheless, Defendant Southwest sent Ms. Plotnick a collection letter, dated January 9, 2013, which demanded payment of the AT&T Mobility debt. A copy of this collection letter is attached as Exhibit E.

10. Accordingly, on February 19, 2013, one of Ms. Plotnick's LASPD attorneys had to write to Defendant Southwest again to demand that it cease communications and cease collection of the debt. Copies of this letter and fax confirmation are attached as Exhibit F.

11. Defendant Southwest's collection actions complained of herein occurred within one year of the date of this Complaint.

12. Defendant Southwest's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

13. Plaintiff adopts and realleges ¶¶ 1-12.

14. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they

3

refuse to pay. See, 15 U.S.C. § 1692c(c).

15. Here, the letter from Ms. Plotnick's, agent/attorney, LASPD, told Defendant Southwest to cease communications and cease collections (Exhibit D). By continuing to communicate regarding this debt and demanding payment (Exhibit E), Defendant Southwest violated § 1692c(c) of the FDCPA.

16. Defendant Southwest's violation of § 1692c(c) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA -- Communicating With A Consumer Represented By Counsel

17. Plaintiff adopts and realleges ¶¶ 1-12.

18. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

19. Defendant Southwest knew that Ms. Plotnick was represented by counsel in connection with her debt because her attorneys at LASPD had informed Defendant, in writing (Exhibit D), that she was represented by counsel, and had directed Defendant Southwest to cease directly communicating with her. By directly sending Ms. Plotnick the January 9, 2013 letter (Exhibit E), despite being advised that she was represented by counsel, Defendant Southwest violated § 1692c(a)(2) of the FDCPA.

20. Defendant Southwest's violation of § 1692c(a)(2) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15

U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Josefina Plotnick, prays that this Court:

1. Find that Defendant Southwest's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Plotnick, and against Defendant Southwest, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Josefina Plotnick, demands trial by jury.

                                                  Josefina Plotnick,

                                                  By: /s/ David J. Philipps
                                                  One of Plaintiff's Attorneys

Dated: March 14, 2013

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com